# SUPREME COURT.

### ANSON U. BECKER agt. HARRISON HOLDRIDGE.

*Ejectment — tax sale — insufficient notice to redeem.*

In this action, the defendant's title failed under the tax sale and proceedings, for the reason that the *notice* required to be published by the comptroller, in pursuance of section 61, chapter 425, Laws of 1855, is defective in not stating, as required by the act, that "unless such lands are redeemed by a certain day they will be conveyed to the purchaser."

The notice, as published, states that "the payment into the treasury of this state of the sum set opposite to each lot, piece or parcel of land will be required to redeem the same, respectively, at the expiration of the time for the redemption thereof, which will be on the 28th day of November, 1861."

The proof on the question whether the title was out of the state when it gave its patent to Benjamin Chamberlain, in 1835, *held* to be much stronger in favor of the plaintiff that the state had become reinvested, than in the preceding case of *Becker* agt. *Howard* (*ante, p.* 423), just decided.

The proof is presented and relied upon by the defendant in an action of ejectment, who is out of possession and without title to defeat a recovery by one who connects himself with the last grant by the state. The fact of a prior grant by the state is wholly unavailing to the defendant for the reason that he does not connect himself with such prior grant.

*Cattaraugus Circuit, May,* 1874.

ACTION of ejectment to recover possession of lot thirty-five, township one, range seven, in the town of Salamanca, late Bucktooth, in the county of Cattaraugus, tried at the Cattaraugus circuit, May 18, 1874, before the court, without a jury.

The only facts necessary to be stated, in addition to those stated or referred to in the opinion, are that the defense was based upon a deed from the comptroller of this state of the

premises in controversy, pursuant to a sale thereof by said comptroller for unpaid taxes.

The notice to redeem, as published by the comptroller, was in these words:

" COMPTROLLER'S OFFICE,
"ALBANY, *March* 20, 1861. {

" Notice is hereby given, pursuant to title two, chapter 427, of the Laws of 1855, that at the sale above mentioned, which closed on the 28th day of November, 1859, the following described lots, pieces and parcels of land, situate in the county of Cattaraugus, were sold for arrears of taxes due thereon, and which remain unredeemed; and that the payment into the treasury of this state of the sum set opposite to each lot, piece or parcel of land, will be required to redeem the same, respectively, at the expiration of the time for the redemption thereof, which will be on the 28th day of November, 1861.

"ROBERT DENNISTON,
"*Comptroller.*"

*Geo. W. Cothran,* for plaintiff.

*D. H. Bolles,* for defendant.

BARKER, *J.* — In the case of this same plaintiff against George Howard and another, tried at the same term, and just decided, the plaintiff's title is the same as in this action. The defendant's claim of title. in that, as in this action, is a tax ·title, and in the main the questions of law and fact are identical. Reference is made to the opinion prepared in that case for the views of the court on such questions as are applicable to this.

The defendant's title failed under the tax proceedings, for the reason that the notice required to be published by the comptroller, in pursuance of section 61, chapter 425, Laws of 1855, is defective. This section requires the notice to state, that unless such lands are redeemed by a certain day they will

be conveyed to the purchaser. The notice published does not so state specifically. By no fair construction can it be so held. It would require a most liberal construction to uphold the notice as a sufficient compliance with the statute. The intention of the legislature doubtless was, that this last step in the proceedings, to take the title of the owner, should be to him a fair and plain notice that, unless he redeemed on or before the day named, a conveyance of the land would be made to the purchaser. There is no such information con tained in the notice — not the faintest. If a proprietor of lands was told that unless he redeemed by a fixed day a deed of his lands would be made out and delivered to another, the dullest of men would comprehend that his title would be gone. To say to him only that he must redeem by a day named, stating the sum required to be paid, would leave it open to conjecture and inquiry, what the effect not to redeem would have upon his property. A person, to know the full legal effect, would have to be informed concerning the tax laws and all their provisions. Such laws are necessarily positive in their nature, and the mere judgment of an individual, without an accurate recollection of the reading of the statute, would be an unsafe guide to follow.

The notice is certainly not a strict compliance with the law, and in my opinion it is not even a substantial compliance.

Upon the question whether the title was out of the state when it gave its patent to Benjamin Chamberlain in 1835, the proof is much stronger in favor of the plaintiff, that the state had become reinvested than in the other case just decided. Here the evidence is, that a person assuming to have authority from the true owner did convey to the state. Following the making and delivery of the deed, the legislative branch of the government, by enactment, consent to receive the grant (*chapter* 226, *Laws* 1819, *page* 301), and thereafter the executive department, in pursuance of general laws, for a consideration paid it by a citizen, alienated the

land to him as a part of the public domain. For over fifty years following the grant to the state, no claim is made by the grantor that Paul Busti, who acted as their agent, had no power to convey. No one for them, or claiming title or interest under them, now make the least claim. This proof is presented and relied upon by a defendant in an action of ejectment, who is out of possession and without title, to defeat a recovery by one who connects himself with the last grant by the state. The fact of a prior conveyance by the state is wholly unavailing to the defendant, for the reason that he does not connect himself with such prior grant.

The plaintiff's grantor had a deed of those lands made and executed by an officer of this court, under the decree of the court in an action where the person then owning the premises named as a defendant, the sale to him being in compliance with such decree. While the plaintiff must recover on the strength of his own title, it is sufficient, to determine this action in his favor, that he has at least this title, and the defendant has none.

Judgment for plaintiff.